UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STATE OF NEW YORK, STATE OF CALIFORNIA, STATE OF COLORADO, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, COMMONWEALTH OF MASSACHUSETTS, DANA NESSELL on behalf of the PEOPLE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, COMMONWEALTH OF PENNSYLVANIA, and STATE OF VERMONT,

                 Plaintiffs,

   v.

UNITED STATES DEPARTMENT OF LABOR; MARTY WALSH, in his official capacity as Secretary of Labor,

                Defendants.

21-Cv-536 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    On January 21, 2021, thirteen states and the District of Columbia brought this action to vacate and set aside a final Department of Labor ("DOL") rule. (ECF No. 1.) The final rule, which went into effect shortly before a new president was inaugurated, pertains to the scope of the religious exemption from anti-discrimination requirements for federal contractors. *See* Implementing Legal Requirements Regarding the Equal Opportunity Clause's Religious Exemption, 85 Fed. Reg. 79,324 (Dec. 9, 2020). On February 9, the Court stayed this litigation for ninety days at the request of all parties in light of the new administration's representation that it "intends to propose rescission of the rule . . . in the near future." (ECF No. 26.) On March 26, DOL informed the Court that it had submitted a notice of proposed rescission to the Office of Information and Regulatory Affairs for review, after which it intends to commence a notice-and-comment rulemaking to rescind the rule. (ECF No. 33.) DOL wrote that the parties expect to seek an extension of the present stay before May 10. (*Id.*)

    On March 29, twelve additional states filed a motion to intervene as defendants, on the basis that these states have a "significant interest" in the validity of the final rule, and because DOL is failing to "adequately protect" that interest. (*See* Intervenor Mem. at 11, 14, ECF No. 36.) Those states did not request that the ongoing stay be lifted for the

purpose of resolving their motion to intervene. However, "for the avoidance of doubt," DOL moved on April 1 to "adjourn the deadline to respond to this motion until fourteen days after the stay of this case ends." (ECF No. 41.) The proposed defendant-intervenors now oppose this request, arguing that immediate intervention is necessary in order that they "have the opportunity to raise any concerns with a proposed settlement to the Court before the settlement is approved." (ECF No. 43.)

This matter has been stayed until May 10 at the request of the parties in order for the defendants to seek a rescission of the DOL final rule—a rescission that would most likely moot this litigation. The parties have informed the Court that they are not in settlement discussions, do not anticipate engaging in settlement discussions while the case is stayed, and will inform the Court if such discussions begin. (ECF No. 41.) Moreover, any settlement seems quite unlikely, as the case is stayed while the defendants pursue the precise relief plaintiffs are seeking. Accordingly,

IT IS HEREBY ORDERED that the proposed defendant-intervenor states' request to lift the stay of this case for the purpose of deciding their intervenor motion is denied. The parties shall respond to the motion to intervene no later than fourteen days after the stay ends.

Dated: New York, New York
April 12, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.